UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARTHUR KUDLEK, HAIM AVLA, CORAM
AUTOMOTIVE CENTER, LTD. and GHANDI
HALABI,

                Plaintiffs,                              **MEMORANDUM & ORDER**
                                                                               08-CV-00984 (NGG) (WDW)

        -against-

SUNOCO, INC. (R&M) and RUSSELL
CONSTRUCTION CORP.,

                Defendants.
------------------------------------------------------------------x

NICHOLAS G. GARAUFIS, U.S. District Judge.

**I.     Introduction**

Plaintiffs Arthur Kudlek ("Kudlek"), Haim Avla ("Avla"), Coram Automotive Center, Ltd. ("Coram") and Ghandi Halabi ("Halabi") (collectively, "Plaintiffs"[1]) are suing defendants Sunoco, Inc. (R&M) ("Sunoco") and Russell Construction Corp. ("Russell") for damages arising from a breach of contract and for rescission of a separate franchise agreement entered into by Plaintiffs and Sunoco. The suit was originally filed in New York Supreme Court, Suffolk County, on January 31, 2008 and raised only state common-law claims. Sunoco removed the case to federal court on March 10, 2008 on the basis of federal question jurisdiction, arguing that the claim for rescission was subject to and preempted by the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq. ("PMPA"). Plaintiffs now move for remand. For the reasons that

---

[1] Plaintiff Avla is the president of the Coram Automotive Center, Ltd. Subsequent references to "Plaintiffs" refer only to Kudlek, Coram, and Halabi.

1

follow, their motion is GRANTED.

## II.     Background

Plaintiffs Kudlek, Coram and Halabi are owners and operators of Sunoco-branded fuel and service stations in Suffolk County, New York. Prior to purchasing the stations, each Plaintiff had been leasing the stations and premises from Sunoco and operating the stations pursuant to three-year dealer franchise agreements ("DFAs") with Sunoco.[2] In August and September of 2004, each Plaintiff entered into a contract with Sunoco to purchase the stations. As a condition of purchase, Plaintiffs and Sunoco canceled their previous franchise agreements and entered into new Dealer Supply Franchise Agreements ("DSFAs"), which committed Plaintiffs to purchasing Sunoco-branded fuel for ten years. Each DSFA became effective on the dates that the particular Plaintiff and Sunoco signed the contract for sale of the property.

Each contract for sale of the property also contained a clause that required Plaintiffs and Sunoco to enter into Tank Removal and Replacement Agreements ("TRRAs") at the closing. Plaintiffs and Sunoco closed on the properties in early 2006 and entered into the TRRAs. The TRRAs required Sunoco to reimburse each Plaintiff for the installation costs of a new underground storage tank system upon proof of completed work. (Compl. ¶¶ 27, 28, 30, 40.) Plaintiffs contracted with defendant Russell, a Sunoco-approved contracting company, to perform the work.

Plaintiffs' state-court Complaint alleges common-law breach of contract claims against

---

[2]Prior to the purchases of the premises, Kudlek and Coram had 3-year DFAs with Sunoco that incorporated fuel supply agreements and a lease of the premises. Halabi and Sunoco had several separate franchise agreements for the lease and fuel supply to which I will refer collectively as a "DFA." (Notice of Removal ¶¶ 11, 14, 17.)

2

Sunoco, for breach of the TRRAs, and Russell, for breach of the repair contracts.[3] The Complaint also seeks rescission of the ten-year DSFAs, on the basis that Plaintiffs were coerced into entering into the DSFAs as a condition of purchasing the properties.[4]

Sunoco removed this case to federal court on March 10, 2008. In the Notice of Removal, Sunoco contends that although no federal claim appears on the face of Plaintiffs' Complaint, the claim for rescission is subject to the PMPA, which regulates the termination and/or non-renewal of petroleum franchises and preempts state laws which attempt to regulate these subjects. 15 U.S.C. § 2806(a)(1).[5] (Notice of Removal ¶¶ 22-24.) It contends that Plaintiffs' Complaint challenges, in part, the propriety of the termination and/or non-renewal of the previous DFAs and the "altering" of the franchise relationships between the Sunoco and Plaintiffs due to Sunoco's offer to sell the properties. (Notice of Removal ¶ 20.) The other defendant, Russell, has objected

---

[3] Plaintiffs Avla and Coram also claim that after signing the contract of sale to purchase the property but prior to closing, Sunoco breached the previous DFA by failing to perform routine maintenance work on the Coram service station. (Compl. ¶ 66.)

[4] Plaintiffs allege that representatives from Sunoco approached them "well before" the expiration date of their leases about whether they would be interested in purchasing their franchises. (Compl. ¶ 69.) Plaintiffs allege that "Sunoco created a condition" in which Plaintiffs "felt they must purchase their franchise stations or lose their investment thus far." (Id. at ¶ 80.) Each Plaintiff was told that if he – or in the case of Coram, it – did not purchase the station, it would be sold at auction, and his "future as a franchisee would be undetermined." (Id. at ¶ 70.) Plaintiffs allege that Sunoco did not guarantee the renewal of their leases or issue them any written notice that their leases would not be renewed, nor did it offer to buy out their franchise agreements. (Id. at ¶¶ 73-75.) They allege that each Plaintiff was given thirty days to decide whether to purchase his franchise and was required to submit a down payment prior to receiving bank approval for financing. (Id. at ¶¶ 76, 79.)

[5] The Notice of Removal does not claim diversity jurisdiction under 28 U.S.C. § 1331.

to the removal.[6]

On May 1, 2008, Plaintiffs moved to remand the action to state court. Plaintiffs contend that the PMPA does not govern their cause of action for rescission, because that claim arises out of the "conditions and circumstances surrounding the creation of the DSFA" and is not a challenge to a termination and/or non-renewal of a franchise relationship. (Certif. in Supp. of Mot. to Remand ¶ 21.) They state that they do not allege that Sunoco's linking of the DSFAs to the sale of the real estate was a violation of the PMPA. (Id.) In addition, Plaintiffs note that removal is improper because defendant Russell objected to removal.[7] (Mem. in Opp. to Def. Mot. To Transfer Venue 10).

I.  **Legal Standard**

A defendant may remove an action to federal district court if the latter court has original jurisdiction, 28 U.S.C. § 1441(a), which includes any action arising under federal law, 28 U.S.C. § 1331. When a party files a motion to remand challenging the removal of an action from state court, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979) (quoting McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute

---

[6] Russell submitted, pro se, a notarized letter claiming to be his Answer to the Complaint and a notarized Affidavit stating that he objects to removal. (Pltf. Certif. in Supp. of Mot. to Remand Ex. 4 and 5). Sunoco urges the court to disregard Russell's submissions on the grounds that Russell is relying solely on the representations of plaintiff's counsel.

[7] Because I am granting Plaintiffs' Motion to Remand on other grounds, I need not reach the question of whether Russell's consent was required for removal.

4

narrowly, resolving any doubts against removability." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). Accord Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 31 (2002) (noting that "statutory procedures for removal are to be strictly construed"). "If the removing party cannot demonstrate federal jurisdiction by 'competent proof,' the removal was in error and the district court must remand the case to the court in which it was filed." Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427, 249 (S.D.N.Y. 2005). Courts determine whether subject matter jurisdiction exists by "looking to the complaint as it existed at the time the petition for removal was filed." Id. (footnote omitted).

## II. Discussion

Sunoco contends that although no federal claim appears on the face of Plaintiffs' Complaint, the substance of Plaintiffs' common-law claim against Sunoco for rescission of the DSFAs is essentially a challenge to the "termination and/or non-renewal" of a franchise relationship, which they claim is subject to and preempted by the PMPA. (Notice of Removal ¶¶ 22-23). It argues that the factual allegations "seek to challenge the manner by which Sunoco offered the Leased Marketing Premises for sale to the Plaintiffs and terminated the franchise relationship that existed before the DSFAs were executed." (Def. Mem. in Opp. to Mot. to Remand 6).

Ordinarily, determining whether a particular case arises under federal law turns on the "well-pleaded complaint rule," which provides that federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on

5

state law." Id. As such, "a defense that plaintiff's claims are preempted by federal law will not suffice to confer federal question jurisdiction . . . ." Marcella v. Capital Dist. Physicians' Health Plan, 293 F.3d 42, 45 (2d Cir. 2002) (citation omitted); see also Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.").

Sunoco, however, invokes the "artful pleading" doctrine, an exception to the well-pleaded complaint rule, which allows removal even where no federal question appears on the face of the complaint, so long as federal law "completely preempts a plaintiff's state-law claim." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). "When a federal statute 'wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)). In those circumstances, removal is authorized because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Aetna Health, 542 U.S. at 207-08. Given that the Plaintiffs' Complaint pleads only state-law causes of action, the burden is on Sunoco to demonstrate that the PMPA has *complete* preemptive force. Neither party has briefed the issue of complete preemption.

The Second Circuit has considered the scope of the PMPA's preemption provision, 15 U.S.C. 2806(a)(1).[8] The court noted that the PMPA was enacted to establish "protection for

---

[8] The PMPA's preemption provision provides that:

To the extent that any provision of this subchapter applies to the termination (or

6

franchisees from arbitrary or discriminatory termination or non-renewal of their franchises." Bellmore v. Mobil Oil Corp., 783 F.2d 300, 305 (2d Cir. 1986) (quoting S. Rep. No. 731, 95th Cong., 2d Sess. 15, reprinted in 1978 U.S.C.C.A.N. 873, 874). The statute explicitly prohibits the termination of a franchise or non-renewal of a "franchise relationship" except on various enumerated grounds and in accordance with the statute's accompanying notice requirements. See 15 U.S.C. §§ 2801, 2802. Relying on the statutory text and legislative history of the PMPA, the Second Circuit found that "[t]he PMPA neither expressly nor impliedly preempts all state law relating to any aspect of the termination or non-renewal of petroleum franchises. Rather, it preempts only *state statutes* as to grounds for, procedures for, and notification requirements with respect to termination or non-renewal." Bellmore, 783 F.2d at 305 (emphasis added).

Given the Second Circuit's conclusion that the PMPA "neither expressly nor impliedly preempts all state law relating to any aspect of the termination or non-renewal of petroleum franchises," I conclude that PMPA does not have the complete preemptive force that would be required to recharacterize Plaintiffs' common-law rescission claim as a federal question and justify its removal to federal court. The Supreme Court has recognized complete preemption as to only a few statutes, such as Section 301 of the Labor Management Relations Act, Section

---

the furnishing of notification with respect thereto) of any franchise, or to the nonrenewal (or the furnishing of notification with respect thereto) of any franchise relationship, no State or any political subdivision thereof may adopt, enforce, or continue in effect any provision of any law or regulation (including any remedy or penalty applicable to any violation thereof) with respect to termination (or the furnishing of notification with respect thereto) of any such franchise or to the nonrenewal (or the furnishing of notification with respect thereto) of any such franchise relationship unless such provision of such law or regulation is the same as the applicable provision of this subchapter.

15 U.S.C. § 2806(a)(1) (2008).

7

502(a) of ERISA, and sections of the National Bank Act, as well as with regard to certain Indian tribal claims. See 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. (2d ed.) § 3522 (1984 & Supp. 2008); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003) (discussing the limited categories of cases where the Supreme Court has found complete preemption).

The only circuit court to have considered whether the PMPA triggers the complete preemption doctrine is the Ninth Circuit, which found that it did not. Yorn v. Union Oil Co. of Calif., 952 F.2d (408) (tbl.), 1992 WL 2872 (9th Cir. Jan. 7, 1992) (unpub.). In an unpublished opinion, the Ninth Circuit held that "[w]hile the PMPA may provide Unocal with a viable pre-emption defense to Yorn's common law claims, it is for the California courts to make this determination in the first instance." Id. at *2. It noted that "even an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction." Id. (quoting Metro. Life Ins. Co., 481 U.S. at 66)).

Similarly, several lower courts have remanded actions pled under state law where PMPA preemption could be asserted as a defense. In an action similar to the one before this court, a district court in Maryland remanded an action in which service station franchisees pled state court claims against the franchisor, seeking damages and reformation of the franchise agreement rent provisions. See J.H.W. Sr., Inc. v. Exxon Co., U.S.A., 921 F. Supp. 1436 (D. Md. 1996). The court found that allowing the state claims to proceed in state court did not preclude reliance on a PMPA defense. Id. at 1440. See also State Oil v. Khan, 839 F. Supp. 543 (N.D. Ill. 1993) (remanding action for forcible entry and detainer originally brought by franchisor in state court where PMPA presented only a defense); Sun Ref. & Mktg. Co., Inc. v. D'Arpino, 112 F.R.D. 668

8

(S.D.N.Y. 1986) (remanding eviction action to state court, finding defense of preemption under PMPA irrelevant to determination of removal jurisdiction).

While Sunoco has cited cases holding that the PMPA preempts various state statutory or common-law claims, those cases do not implicate a federal court's removal jurisdiction, because the plaintiffs in those cases pled causes of action under both the PMPA and state law in federal court. See, e.g., Shukla v. BP Exploration & Oil, Inc., 115 F.3d 849 (11th Cir. 1997) (holding that fraud claim concerning non-renewal of franchise agreement was preempted by PMPA); Yonaty v. Amerada Hess Corp., 2005 WL 1460411 (N.D.N.Y. June 20, 2005) (holding that PMPA preempted New York statutory law governing the termination or nonrenewal of franchises but did not preempt state contract claim which did not involve the termination of the franchise relationship); Serianni v. Gulf Oil Corp., 662 F. Supp. 1020 (E.D. Pa. 1986) (holding that PMPA preempted state statute regarding the termination and non-renewal of franchises and state common-law claim).

Sunoco cites one instance where a federal court vacated a previous order remanding a case seeking rescission of a service station franchise contract, Bellefort Enterprises, Inc. v. Petrotex Fuels, Inc., 2006 WL 1581934 (S.D. Tex. 2006), but I am not persuaded to take a similar course. In Bellefort, the plaintiff alleged that the defendant breached the franchise contract by overcharging for fuel, invoicing for fuel that was never delivered, and finally refusing to deliver any fuel at all, conduct that was "tantamount to putting [Plaintiff] out of business." Id. at *2. Although the plaintiff had not pled any federal cause of action, the court found that the claims were preempted by PMPA and therefore that removal was appropriate. Id. While the court in Bellefort discussed the preemptive reach of the PMPA, it did not even consider complete

9

preemption as a component of the artful pleading doctrine. Such an approach runs counter to the Supreme Court's requirement that the artful pleading doctrine applies only when there is *complete* preemption. See Aetna Health, 542 U.S. at 207. While Sunoco may seek to rely on Bellefort to support its potential preemption *defense* under the PMPA, I find that it has not met its burden of demonstrating that the PMPA has complete preemptive force such that it creates removal jurisdiction in the absence of a federal question apparent on the face of Plaintiffs' Complaint.

The parties devote considerable energy to arguing whether or not Plaintiffs' rescission claim falls under the scope of the PMPA, that is, whether it seeks to challenge a "termination or non-renewal" of a franchise relationship under the PMPA. Plaintiffs and Sunoco agree that at all times relevant to this case, they were in a "franchise relationship" as defined by the PMPA. 15 U.S.C. § 2081. The dispute between the parties on the applicability of the PMPA centers on whether the termination of the prior three-year DFAs and signing of the ten-year DSFAs constitutes a "termination and non-renewal" of the franchise relationship. There is a split among the circuits as to whether a franchisee can make a claim under the PMPA for "constructive termination" of a franchise agreement; for example, when the parties actually renew their franchise agreements.[9] Because I conclude that the PMPA does not have the complete

---

[9]See, e.g., Marcoux v. Shell Oil Products Co. LLC, 524 F.3d 33, 49 (1st Cir. 2008) (noting that it is the plaintiff's burden under the PMPA to prove that a termination or non-renewal has occurred and rejecting a claim for non-renewal under the PMPA "where the franchisee has signed and operates under the renewal agreement complained of"). Only the Ninth Circuit has explicitly recognized a claim under the PMPA for "constructive termination." Pro Sales, Inc. v. Texaco, 792 F.2d 1394 (9th Cir. 1986). But some courts, in disallowing PMPA claims for "constructive non-renewal," have allowed state law economic duress claims regarding petroleum franchise agreements to proceed. See Dersch Energies, Inc. v. Shell Oil Co., 314 F.3d 846, 862 (7th Cir. 2002) (where plaintiff actually renewed petroleum franchise agreement, she is

preemptive effect necessary to authorize removal to federal court, I make no determination on the applicability of the PMPA, either as a claim or a defense, to the factual situation in this case.

### III. Conclusion

For the reasons stated above, Plaintiffs' Motion to Remand is GRANTED.

SO ORDERED.

Dated: October 3, 2008                         s/Nicholas G. Garaufis
       Brooklyn, N.Y.                         NICHOLAS G. GARAUFIS
                                          United States District Judge

---

"entitled to bring a state law claim . . . such as economic duress").